FRANKLIN HOSPITAL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Lumbermens Mutual Casualty Co., Appellee).

Fifth District (Industrial Commission Division)   No. 5—85—0120WC

Opinion filed January 8, 1986.

Thomas F. Crosby, of Winters & Garrison, of Marion, for appellant.

Edward M. Vokoun, of Evans & Dixon, of St. Louis, Missouri, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Carolyn Cookston, an employee of Franklin Hospital, filed a claim for benefits under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for injuries sustained August 6, 1979. Franklin Hospital had purchased workers' compensation insurance under the Workers' Compensation or Occupational Diseases Insurance for Rejected Employers Act (Ill. Rev. Stat. 1979, ch. 73, par. 1081 *et seq.*) (hereinafter the Act), from Lumbermens Mutual Casualty Co. When the hospital filed a claim based upon Cookston's accident, Lumbermens denied that its policy was in effect on the date of Cookston's accident. The arbitrator found that the insurance policy was in effect on August 6. The Industrial Commission reversed the arbitrator's finding. The circuit court confirmed the Commission's decision. Franklin Hospital brings the instant appeal.

At the hearing before the arbitrator, Richard Haines, an insurance broker, testified that he procured various types of insurance policies for the hospital. In 1976, St. Paul Insurance, the hospital's regular carrier, refused to write a workers' compensation policy. Lumbermens subsequently issued a workers' compensation policy to the hospital under the Act. The policy in question was the final policy written by Lumbermens for the hospital, and was issued for the period of July 24, 1978 to July 24, 1979. Identical coverage had been provided by Lumbermens from 1976 to 1978.

On June 8, 1979, Haines received a copy of a letter from Lumbermens stating that the hospital's policy would expire on July 24, 1979. The letter was addressed to the hospital. The letter stated that the premium was due by July 24. This letter was similar to letters Haines received every year regarding reissuance of the policy. Haines testified that he met with John Kolodziej, the comptroller for the hospital, delivered Lumbermens' letter to Kolodziej and discussed the policy. Haines stated that he received no other correspondence from Lumbermens regarding the hospital's policy.

Lumbermens presented the testimony of Deborah Zborowski, a Lumbermens' underwriter. Zborowski testified that under the Act a

notice of termination must be sent to the Industrial Commission 30 days before a workers' compensation insurance policy expires. She further testified that Lumbermens sent such a notice to the Commission but not to the hospital. Lumbermens did send the June letter directly to the hospital, according to Zborowski.

The June letter was introduced into evidence. It provided, in part, that:

"The cancellation requirements of the State of Illinois are such that notice must be received by the Industrial Commission prior to the effective date of cancellation. The purpose of this is to avoid an extension of liability past the expiration date in the event renewal premium is not paid. There will be no lapse of coverage if your payment is received no later than the expiration date of your policy, July 24, 1979."

On cross-examination, Haines testified from the notice of termination that the notice sent by Lumbermens to the Commission showed affirmatively that the hospital was not sent a copy of the notice. According to Haines, he would have obtained other insurance had he received notice of the termination. Haines had no knowledge of whether the premium was paid because the hospital paid the premium directly to Lumbermens.

Kolodziej conceded that the premium due on July 24, 1979, was never paid. He testified that he met with Haines in June regarding Lumbermens' policy. He did not recall whether Haines brought the June letter to the meeting. Kolodziej denied receiving either the June letter from Lumbermens or the notice of policy termination sent by Lumbermens to the Industrial Commission. He acknowledged that he definitely became aware of the letter copy to Haines in September.

The arbitrator found that the policy which was to expire on July 24, 1979, was still in effect on August 6 because Lumbermens failed to provide either Haines or the hospital with a notice of cancellation as required under the Act.

No new evidence was presented before the Industrial Commission. The Commission reversed the arbitrator's decision, finding that Lumbermens had satisfied the Commission's rules regarding termination of the policy. The Commission further found that the June letter to Haines was sufficient to satisfy the requirements of the Act. Finally, the Commission held that even if Lumbermens violated the rejected employers provisions, that violation did not cause the policy to be extended.

The circuit court confirmed the Commission's decision.

The sole issue on appeal is whether Lumbermens failed to prop-

erly give notice of termination of coverage under the Act so as to extend the effective date of the hospital's insurance policy.

Resolution of the issue on appeal hinges upon the interpretation of section 3(a) of the Act. Section 3(a) provided, in relevant part:

"A copy of all policies, endorsements, billings, notices, or any other correspondence or documents relating to the policy issued to the employer under this Act shall also be sent to the employer's designated insurance agent, broker or other representative; provided, however, that the assigned carrier be only required to send copies to one employer designated person per policy." Ill. Rev. Stat. 1979, ch. 73, par. 1083.

The entire Act was repealed effective January 1, 1984.

The hospital asserts on appeal that because Lumbermens admittedly did not send a notice of termination to either the hospital or its insurance broker Haines, Lumbermens failed to comply with the requirements of section 3(a). The hospital argues that as a consequence of the failure to comply with section 3(a), Lumbermens is estopped from denying insurance coverage for Cookston's accident on August 6.

We find that the June letter to insurance broker Haines was sufficient to satisfy the requirements of section 3(a). The June letter notified Haines that the hospital's policy was due to terminate. The June letter provided essentially the same information regarding termination of the policy as was sent to the Commission. Haines was a properly designated recipient of the June letter. The June letter to Haines was, in effect, the same notice as the notice of termination sent to the Commission.

Accordingly, the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

WEBBER, P.J., and McNAMARA, LINDBERG and KASSERMAN, JJ., concur.