(No. 62417.—

MATTHEW SCHALZ *et al*, Appellees, v. McHENRY
COUNTY SHERIFF'S DEPARTMENT MERIT
COMMISSION *et al.*, Appellants.

*Opinion filed May 21, 1986.—Rehearing
denied September 26, 1986.*

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellants.

Thomas F. McGuire and John H. Kelly, of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellees.

JUSTICE MILLER delivered the opinion of the court:

Plaintiffs filed suit in the circuit court of McHenry County, alleging that defendant McHenry County Sheriff's Department Merit Commission had no authority to

enact rules restricting the plaintiffs' secondary employment. Plaintiffs, full-time deputy sheriffs for McHenry County, sought declaratory and injunctive relief. The circuit court granted the commission's motion for summary judgment, finding that the commission possessed the authority, under section 9 of the Sheriff's Merit System Act (Ill. Rev. Stat. 1983, ch. 125, par. 159), to adopt the regulations at issue in this lawsuit. The appellate court reversed, holding that the commission exceeded its statutory authority in promulgating the challenged rules. (135 Ill. App. 3d 657.) Pursuant to our Rule 315 (94 Ill. 2d. R. 315), we allowed the petition for leave to appeal filed by the commission and its members, who have been named individually as defendants in this proceeding.

Because the present case comes to this court on review of dismissal by summary judgment, all facts properly pleaded in the complaint must be taken as true. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187.) Plaintiffs, Matthew Schalz and Charles Terrell, alleged in their complaint that they are deputy sheriffs in the McHenry County sheriff's department. During the course of their employment, plaintiffs requested that they be allowed to engage in secondary employment as private investigators. The McHenry County sheriff forwarded plaintiffs' request to defendant McHenry County Sheriff's Merit Commission. The record does not reveal whether the sheriff, who is not a party to this lawsuit, recommended that plaintiffs' request be granted or denied. The commission denied plaintiffs' request. Thereafter, plaintiffs filed the present suit, maintaining that the commission's regulations restricting outside employment were beyond the scope of the commission's authority under the Sheriff's Merit System Act (Ill. Rev. Stat. 1983, ch. 125, pars. 151 through 169).

Prior to the plaintiffs' request, the commission had enacted "Rules and Regulations for the Conduct of

Members of the Sheriff's Department," pursuant to its perceived rule-making authority under the Sheriff's Merit System Act. Article VI, section 15, of the commission's rules and regulations stated:

> "*Section 15*: All full-time deputy sheriffs who desire to take upon themselves secondary employment, whether it be salaried or contractual, shall first seek the approval of the Sheriff for said employment. The Sheriff, upon written request of the deputy, shall make his recommendation of approval or disapproval in writing to the Merit Commission. The Merit Commission shall then act to approve or disapprove the request. The Merit Commission decision shall be final."

Section 16 provided in part:

> "*Section 16*: No full-time deputy sheriff shall perform while on or off duty any function or duty that is normally of the Sheriff's Department for his or her private gain or in exchange of any article of value."

Plaintiffs initially contend that allowing the merit commission to enact regulations governing the conduct of deputy sheriffs conflicts with the authority of the sheriff to oversee and regulate his employees. Plaintiffs argue that the commission's rules restricting secondary employment directly infringe upon the powers of the McHenry County sheriff to control his office under the authority granted the sheriff in section 14a of "An Act to revise the law in relation to sheriffs" (Ill. Rev. Stat. 1983, ch. 125, par. 14a). Section 14a provides in part:

> "Sec. 14a. In counties of less than 1 million population, the sheriff shall control the internal operations of his office. Subject to the applicable county appropriation ordinance, the sheriff shall direct the county treasurer to pay, and the treasurer shall pay, the expenditures for the sheriff's office, including payments for personal services, equipment, materials, and contractual services."

Although the sheriff's "control over the internal operations of his office" seemingly grants sheriffs broad

powers, this language must be read in conjunction with the entire statute in order to ascertain and effectuate the intent of the legislature. (*People v. Murphy* (1985), 108 Ill. 2d 228, 233.) The legislative history of section 14a makes clear that the sheriff's "control over the internal operations" refers only to control over the fiscal operations of the sheriff's office. In introducing House Bill 1045 (Pub. Act 82—560, eff. Jan. 1, 1982), now section 14a, on the floor of the House of Representatives, Representative McMaster, the sponsor of this legislation, explained, "In the statutes, the county clerk and the treasurer are given the responsibility of purchasing supplies for their offices. It is a feeling that this has been left out of the Sheriff's Act or sheriff's part of the statutes, and for that reason, I am merely adding the sheriffs in the same as the county clerks and county treasurers are to have the responsibility for purchasing supplies for their offices." (House Debates, 82nd Ill. Gen. Assem., May 19, 1981, at 44.) In view of the intent of the legislature in enacting section 14a, we find that the commission, in adopting sections 15 and 16 of its rules and regulations, has not infringed upon an area reserved to the McHenry County sheriff under section 14a.

More importantly, however, plaintiffs claim that the McHenry County Sheriff's Merit Commission had no authority to enact sections 15 and 16 of its rules and regulations. An administrative agency such as the merit commission is a creature of statute and has no general or common law powers. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 113.) Any power or authority claimed by an administrative agency must find its source within the provisions of the statute by which the agency was created. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 551.) The authority of the merit commission must either arise from the express language of the Sheriff's Merit System Act,

or devolve by fair implication and intendment from the express provisions of the Act as an incident to achieving the objectives for which the commission was created. See *Aurora East Public School District No. 131 v. Cronin* (1981), 92 Ill. App. 3d 1010, 1014; *Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 583.

The merit commission is governed by the Sheriff's Merit System Act. (Ill. Rev. Stat. 1983, ch. 125, pars. 151 through 169.) Section 9 of the Act is an enabling provision which grants the commission authority to make rules for its own operation:

"Sec. 9. Rules and regulations. Pursuant to recognized merit principles of public employment, the Commission shall formulate, adopt and put into effect, rules, regulations and procedures for its operation and the transaction of its business." Ill. Rev. Stat. 1983, ch. 125, par. 159.

Neither section 9 nor any other section of the Sheriff's Merit System Act expressly authorized the commission to promulgate substantive rules of conduct for members of the sheriff's department. Section 9 merely allows the commission to adopt rules, regulations and procedures for accomplishing its statutory functions. Any authority to enact substantive regulations concerning internal matters of the sheriff's office, therefore, must arise as an incident to the commission's fulfillment of its statutory objectives.

Section 7 of the Act identifies the functions of the merit commission:

"Sec. 7. Duties and jurisdiction. The Merit Commission shall have the duties, pursuant to recognized merit principles of public employment, of certification for employment and promotion, and, upon complaint of the sheriff or states attorney as limited in this Act, to discipline or discharge as the circumstances may warrant." Ill. Rev. Stat. 1983, ch. 125, par. 157.

Attributing their plain meaning to the words of section 7, the statute establishes three duties for the Sheriff's Department Merit Commission. The commission is charged with certifying applicants for employment positions, certifying employees for promotion, and disciplining or discharging employees upon complaint of the sheriff or the State's Attorney. We cannot perceive the commission's enactment of regulations governing secondary employment of deputy sheriffs as incidental to any of these functions.

The commission contends that it adopted article VI of its rules and regulations merely to put deputy sheriffs on notice of that conduct which would subject them to the commission's exercise of its disciplinary authority. The commission may not, however, enact substantive and mandatory regulations which restrict the outside activities of deputies under the guise of notifying deputies of "improper" conduct. The commission is limited in its disciplinary authority under the Sheriff's Merit System Act to disciplining or discharging employees, upon complaint of the sheriff or the State's Attorney. (Ill. Rev. Stat. 1983, ch. 125, par. 157.) An administrative agency cannot extend its statutory authority by enacting administrative rules. (*Du-Mont Ventilating Co. v. Department of Revenue* (1978), 73 Ill. 2d 243, 247-48.) We do not find within the Sheriff's Merit System Act the authority on the part of the commission to proscribe conduct on the part of the deputies or to announce activities which will subject deputies to discipline. We conclude that the commission's regulations clearly do not fall within the scope of the authority to discipline deputies, upon complaint of the sheriff or State's Attorney, that is contemplated by section 7 of the Act.

In addition to its disciplinary function, the commission is also charged with certifying persons for employment and with certifying employees for promotion. Be-

cause the commission's restrictions on secondary employment are relevant only after a person is hired as a deputy sheriff, however, sections 15 and 16 of article VI are wholly unrelated to the commission's function to certify persons for employment. Further, the commission does not contend that the rules governing secondary employment were enacted incident to its powers to certify employees for promotion. Nothing in the commission's restrictions on outside employment of deputies mentions use of the restrictions by the commission as criteria for promotion. We conclude, therefore, that sections 15 and 16 were not promulgated incident to any of the statutory functions of the commission.

The commission cites a 1976 opinion of the Attorney General which states that sheriffs, merit commissions, and merit boards are not statutorily precluded from establishing regulations that forbid deputies from working as private security guards. (Ill. Att'y Gen. Op. S—1068, March 18, 1976.) Because no statute precludes merit commissions from prohibiting deputies from working as private security guards does not mean that the commissions are authorized to establish regulations prohibiting the employment. As we have indicated, such authority must arise from the express language of the statutes which create the commission or set forth its powers, or must devolve by fair implication and intendment from the express provisions of these statutes.

In support of their position, plaintiffs cite a more recent opinion of the Attorney General stating that a sheriff's merit commission has no power to create or abolish ranks for deputy sheriffs. (Ill. Att'y Gen. Op. 83—024, Nov. 10, 1983.) The opinion explains that no statute expressly grants a sheriff's merit commission the authority to create or abolish personnel ranks in the sheriff's department and that creation of personnel ranks is not a power necessarily implied to enable a merit commission

to accomplish its statutory purposes. The opinion finds, therefore, that merit commissions cannot establish or abolish ranks in a sheriff's department, but rather that the power is limited to the sheriffs.

Having examined the powers of the McHenry County Sheriff's Department Merit Commission in the present case, we conclude that the commission possessed neither the express statutory authority, nor the authority reasonably incident to its statutory functions, to enact the challenged rules. Accordingly, we affirm the judgment of the appellate court.

*Judgment affirmed.*