THE PEOPLE *ex rel.* WILLIAM J. KILQUIST, Sheriff of Jackson County, Plaintiff-Appellee, v. LINDA BROWN, Defendant-Appellant (Jackson County Merit Commission, Defendants).

Fifth District   No. 5—89—0812

Opinion filed September 18, 1990.

R. Courtney Hughes, of Carbondale, for appellant.

Michael L. Wepsiec, Assistant State's Attorney, of Murphysboro, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Appellee William J. Kilquist, sheriff of Jackson County, filed a complaint for administrative review on behalf of the People of the State of Illinois against the Jackson County Merit Commission and Linda Brown, appellant herein. The individual members of the merit commission were also joined as defendants in the complaint. Brown, a merit commission employee and sergeant with the Jackson County sheriff's department, had previously filed a grievance with the merit commission claiming that Sheriff Kilquist's action in transferring her from her position as sergeant of communications on the first shift to deputy sheriff jail sergeant on the third shift violated article IV, paragraph I, of the commission's regulations. This regulation promulgated by the merit commission allowed the sheriff to "appoint current merit personnel to either Deputy Sheriff Patrol Office [*sic*], Deputy Sheriff Jailer, or Dispatcher providing the appointment is agreeable with both the sheriff and employee." (Jackson County Merit Commission Regulations, art. IV, par. I (1984).) Brown contended and the commission agreed that the regulation was violated because Sheriff Kilquist had not obtained her consent to the transfer and had not even broached the subject of the transfer with her prior to her notification thereof. The grievance was therefore sustained by the commission but Sheriff Kilquist refused to recognize its decision and return Brown to her original position. Instead Sheriff Kilquist filed the instant proceeding seeking judicial review of the board's action, claiming that enactment of the regulation itself was an *ultra vires* act unauthorized by statute, case law, custom or policy.

The circuit court of Jackson County determined that the only

question to be determined on administrative review was the legal issue of whether article IV, paragraph I, of the Jackson County Merit Commission Regulations was *ultra vires*. After oral argument, the court agreed with Sheriff Kilquist that enactment of this regulation was an impermissible action in excess of the commission's authority under the Sheriff's Merit System Act (Act) (Ill. Rev. Stat. 1987, ch. 125, par. 151 *et seq.*), and reversed the decision of the merit commission. Brown appeals from the court's order of November 21, 1989, which made this determination and asks this court on review to reverse the court below and remand with instructions in favor of reinstating her former position. The sole issue presented for review by this court is whether the Jackson County Merit Commission's regulation contained in article IV, paragraph I, which requires that all intradepartmental transfers of merit commission employees be consensual to both the merit employee and the sheriff, is an *ultra vires* regulation under the Sheriff's Merit System Act.

The Sheriff's Merit System Act, effective January 1, 1981, provides for the adoption and implementation of merit systems by the county boards of certain Illinois counties identified in the Act (Ill. Rev. Stat. 1987, ch. 125, par. 152), by ordinance which provides for the appointment of an entity called a Sheriff's Office Merit Commission. (Ill. Rev. Stat. 1987, ch. 125, par. 153.) The Jackson County Merit Commission was formed pursuant to this Act and on June 28, 1984, adopted certain regulations including article IV, paragraph I, the regulation under scrutiny by this court today. The basis for the determination by the court below that enactment of this regulation was *ultra vires* was a legal interpretation that enactment of this regulation was beyond the scope of the commission's authority under the Sheriff's Merit System Act. (Ill. Rev. Stat. 1987, ch. 125, pars. 151 through 169.) As appellee notes, the law reposes with the courts the authority to review as a question of law the statutory interpretation of terms and legislation establishing administrative agencies and governing their operation. *Miller v. Department of Public Aid* (1979), 69 Ill. App. 3d 477, 482, 387 N.E.2d 810, 815.

Sheriff Kilquist maintains that adoption of this regulation was beyond the scope of the commission's administrative authority because it violates section 7 of the Sheriff's Merit System Act, which sets forth in pertinent part the duties and jurisdiction of the merit commission:

> "The Merit Commission shall have the duties, pursuant to recognized merit principles of public employment, of certification for employment and promotion, and, upon complaint of the

sheriff or states attorney as limited in this Act, to discipline or discharge as the circumstances may warrant." (Ill. Rev. Stat. 1987, ch. 125, par. 157.)

Because Brown's transfer was to a position of same rank with no decrease in pay, Sheriff Kilquist argued that the Act did not empower the merit commission to review or regulate this intradepartmental transfer which neither promoted nor demoted a merit employee. Moreover, Sheriff Kilquist urges that a reversal in favor of the appellant will hinder his authority in assigning existing personnel to vacant positions within the sheriff's department, a result which will compromise and could defeat the purpose of the department.

Brown argues, however, that promulgation of article IV, paragraph I, was authorized by section 7 when read in conjunction with section 9 of the Sheriff's Merit System Act, governing rules and regulations, which states:

"Pursuant to recognized merit principles of public employment, the Commission shall formulate, adopt and put into effect, rules, regulations and procedures for its operation and the transaction of its business.

The Commission shall set standards and qualifications for each class." (Ill. Rev. Stat. 1987, ch. 125, par. 159.)

Brown acknowledges that formulation of regulations governing vertical transfers (promotion and demotion) of merit employees is evident under the plain meaning of the statute, while authority to formulate regulations governing horizontal transfers, such as is involved in the instant case, is not. However, Brown argues that an administrative agency may validly exercise its discretion to accomplish in detail that which is authorized in general terms by the enabling statute. (*Boles Trucking, Inc. v. O'Connor* (1985), 138 Ill. App. 3d 764, 778, 486 N.E.2d 362, 369.) Moreover, she maintains that the legislative history of the Sheriff's Merit System Act clearly evidences an intent to confer on the commission the power and authority to regulate intradepartmental or horizontal employee transfers.

Brown urges that because the authority of the merit commission is ambiguous as delineated by the Act, a resort to the legislative history thereof is appropriate wherein support for job security for merit employees, whether the transfer be horizontal or vertical, is a contemplated goal and that the real issue is how much internal control the sheriff should have over his department. Brown also relies on law enforcement personnel's special treatment under the law generally as evidence of a legislative intent to protect merit employees' job security, horizontally as well as vertically. Finally, Brown argues that the

reason for creation of merit commissions under the Act was continuity of employment under each sheriff's administration and therefore as a matter of public policy the adoption of this regulation should not be found *ultra vires*.

■■ We are cognizant of the fact that this issue is one of first impression. However, the supreme court has outlined the guidelines for our determination of whether the promulgation of this regulation was an *ultra vires* act by the commission in *Schalz v. McHenry County Sheriff's Department Merit Comm'n* (1986), 113 Ill. 2d 198, 497 N.E.2d 731. An administrative agency such as the merit commission is a creature of statute and has no general or common law powers. (*Schalz*, 113 Ill. 2d at 202, 497 N.E.2d at 733.) Any power or authority claimed by an administrative agency must find its source within the provisions of the statute by which the agency was created or devolve by fair implication and intendment from the express provisions of the Act as an incident to achieving the objectives for which the commission was created. (*Schalz*, 113 Ill. 2d at 202-03, 497 N.E.2d at 733.) Section 9 of the Sheriff's Merit System Act which created the merit commissions is the enabling provision which grants the commission authority to make rules for its own operations and does not expressly authorize the commission to promulgate substantive rules of conduct for members of the sheriff's department. (*Schalz*, 113 Ill. 2d at 203, 497 N.E.2d at 733.) Any authority to enact substantive regulations concerning internal matters of the sheriff's office, therefore, must arise as an incident to the commission's fulfillment of its statutory objectives. (*Schalz*, 113 Ill. 2d at 203, 497 N.E.2d at 733.) It is fundamental that administrative agencies cannot extend the substantive provisions of a legislative enactment or create substantive rights through exercise of their rulemaking powers. *Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 583, 315 N.E.2d 573, 576.

The issue then becomes what are the statutory functions of the merit commission and in what areas has regulation been upheld as incident to carrying out those statutory functions. The supreme court in *Schalz* determined that the commission was without authority to enact a regulation governing secondary employment of deputy sheriffs because such a regulation was not incidental to any of the functions of the commission expressed in section 7 of the Act: certifying applicants for employment positions, certifying employees for promotion, and disciplining or discharging employees upon complaint of the sheriff or State's Attorney. (*Schalz*, 113 Ill. 2d at 204, 497 N.E.2d at 733.) The supreme court has also determined that the Sheriff's Merit Sys-

tem Act must be construed, under the public policy of this State, to provide some method of review of disciplinary suspensions imposed by the sheriff. (*Wagner v. Kramer* (1985), 108 Ill. 2d 413, 420, 484 N.E.2d 1073, 1076.) We note, however, that the commission has no authority under the statute or the holding in the *Wagner* case to review a sheriff's written letter of reprimand. (*People ex rel. Narczewski v. Bureau County Merit Comm'n* (1987), 154 Ill. App. 3d 732, 736, 506 N.E.2d 402, 405.) The rationale of the court in *Narczewski* is that such an interpretation would be highly impractical and cumbersome to implement and would virtually eliminate a sheriff's authority to impose minor disciplinary sanctions without having to justify the sanctions to a county merit commission. We note the similar argument of Sheriff Kilquist that giving merit employees what is in fact veto power of proposed intradepartmental transfers will severely erode the sheriff's authority over operation of the department.

Brown argues that the objective of section 7 of the Act is the protection of merit commission employees on vertical movements or, essentially, job security. Likewise she theorizes that the objective of regulation article IV, paragraph I, is protection of job security, so that a merit employee will not be moved into a department in which she is not experienced or in which she has no desire to work. Although Brown appears to be arguing that the intradepartmental transfer could be deemed a *de facto* demotion or disciplinary action, Sheriff Kilquist correctly notes that there is no evidence in the record to indicate that the transfer was a disciplinary sanction. Moreover, we refuse to categorize intradepartmental transfers as disciplinary in nature which necessarily presumes lack of good faith on the part of the sheriff.

We simply do not read the objective of section 7 of the Act as broadly as appellant would so urge, and we do not believe that regulation of horizontal or intradepartmental transfers of merit employees by the commission is an incident to achieving the objectives for which the commission was created. Section 7 duties of the merit commission are qualified by the phrase "pursuant to recognized merit principles of public employment." Cardinal among these well-known principles is that the purpose of civil service laws is to provide a method which ensures competent service for governmental bodies, free of the spoils system. (*Fahey*, 21 Ill. App. 3d at 586, 315 N.E.2d at 578.) To encourage their application and retention, qualified personnel are assured of tenure in their positions. (*Fahey*, 21 Ill. App. 3d at 586, 315 N.E.2d at 578.) Once an employee has qualified for a merit appointment and passed through a probationary period, a civil servant's tenure lasts during good behavior and

efficient service. (*Fahey*, 21 Ill. App. 3d at 586, 315 N.E.2d at 578.) Tenure is "property" as the due process clause of the fourteenth amendment (U.S. Const., amend. XIV) has been interpreted. (*Dauel v. Board of Trustees of Elgin Community College* (7th Cir. 1985), 768 F.2d 128, 129.) On the other hand, we note that personnel disputes in State and local government over work assignments do not implicate the objectives of the fourteenth amendment. *Brown v. Brienen* (7th Cir. 1983), 722 F.2d 360, 365.

Protection of the merit employee's due process property right in tenure or continued employment in a particular position is set forth in section 7 of the Act and the case law which has defined or limited the merit commission's rulemaking authority to discipline, demote or discharge a merit employee. In addition, section 14 of the Sheriff's Merit System Act sets forth the due process procedure involved for any removal, demotion, or suspension of a merit employee sought by the sheriff:

"Except as is otherwise provided in this Act, no certified person shall be removed, demoted or suspended except for cause, upon written charges filed with the Merit Commission by the sheriff. Upon the filing of such a petition, the sheriff may suspend the certified person pending the decision of the Commission on the charges. After the charges have been heard, the Commission may direct that the person receive his pay for any part or all of this suspension period, if any.

The charges shall be heard by the Commission upon not less than 14 days' certified notice. At such hearing, the accused certified person shall be afforded full opportunity to be represented by counsel, to be heard in his own defense and to produce proof in his defense. ***
***
If the charges against an accused person are established by the preponderance of evidence, the Commission shall make a finding of guilty and order either removal, demotion, loss of seniority, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations of the Commission which, in the opinion of the members thereof, the offense justifies. If the charges against an accused are not established by the preponderance of the evidence, the Commission shall make a finding of not guilty and shall order that the person be reinstated and be paid his compensation for the suspension period, if any, while awaiting the hearing." (Ill. Rev. Stat. 1987, ch. 125, par. 164.)

Where, as here, the regulation governs a transfer involving neither promotion nor demotion, discipline or discharge of a merit employee, it cannot be said that the commission was attempting to attain the objectives of the Act by its promulgation of said regulation.

██ Moreover, we have reviewed the pertinent portion of floor debates making up the legislative history of the Sheriff's Merit Commission Act which Brown contends is clear evidence of a legislative intent to confer on the Commission the power to regulate intradepartmental transfers, and we reject such contention. In response to a question of how the Du Page County Merit Commission operated, Senator Philip replied:

> "Du Page County does have the merit position, and what it in effect does, it allows the Merit Commission to decide on who will work in the sheriff's department; and what they do in our county is, you have to take a test, you go before that merit board and they recommend to the sheriff three people for each one of those positions, and then the sheriff is allowed to pick those people. Now, if the sheriff wants to fire somebody or transfer some *** somebody, he has to go back to the merit board." (81st Ill. Gen. Assem., Senate Proceedings, June 26, 1980, at 6.)

Assuming *arguendo* that Senator Philip was referring to a horizontal job transfer rather than a demotion during these floor debates, the legislature chose not to include review of intradepartmental transfers among the express functions of the commission in section 7. A primary rule of statutory construction is that the court must look to the very words of the statute to ascertain the legislative intent. (*Fahey*, 21 Ill. App. 3d at 584, 315 N.E.2d at 576.) Moreover, the entire statute must be considered and also the evil to be remedied and the object to be attained. (*People v. Ivy* (1985), 133 Ill. App. 3d 647, 653, 479 N.E.2d 399, 403.) Although the judiciary possesses authority to read language into a statute that has been omitted through legislative oversight (*In re Custody of Carter* (1985), 137 Ill. App. 3d 439, 442, 484 N.E.2d 1175, 1177), we do not believe, based upon the purpose behind the Act as well as the constitutional protection set in place in sections 7 and 14 thereof providing administrative review of a sheriff's intent to discipline, demote, suspend, or discharge a merit employee, that intradepartmental transfers, which are not entitled to the same constitutional protections, were intended by the legislature to be subject to administrative regulation or review. While we are mindful that a court on review must give deference to the factual findings of an administrative agency, a reviewing court is not bound to give def-

erence to an administrative agency's statutory construction and must instead exercise independent review and judgment. (*Illinois Bell Telephone Co. v. Human Rights Comm'n* (1989), 190 Ill. App. 3d 1036, 1046, 547 N.E.2d 499, 506.) It is the judgment of this court that article IV, paragraph I, of the Jackson County Merit Commission Regulations was not promulgated as an incident to the fulfillment of the statutory objectives of the Act and its promulgation was therefore an *ultra vires* act on the part of the commission. Accordingly, we affirm the November 21, 1989, order of the circuit court of Jackson County.

Affirmed.

LEWIS, P.J., and RARICK, J., concur.