JOHN HOHNSBEHN, JR., Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE CITY OF EAST ALTON, Defendant-Appellee.

Fifth District   No. 5—99—0187

Opinion filed April 16, 1999.—Rehearing denied May 25, 1999.

Brian A. Schroeder, of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant.

Charles H. Atwell, Jr., of Atwell & Atwell, of Aurora, for appellee.

JUSTICE MAAG delivered the opinion of the court:

This is a declaratory judgment and injunction proceeding filed by the plaintiff, John Hohnsbehn, Jr., alleging that the defendant, the Board of Trustees of the Police Pension Fund of the City of East Alton, Illinois (Board), does not have the authority to take evidence depositions of witnesses in lieu of live testimony. On March 4, 1999, the circuit court entered an order ruling against the plaintiff. The plaintiff immediately filed a notice of appeal. On March 30, 1999, this court entered an order granting the plaintiff's motion for an accelerated docket.

■ The Board is an administrative agency having the powers and duties set forth in article 3 of the Illinois Pension Code (Code) (40 ILCS 5/3—101 *et seq.* (West 1996)). The plaintiff is a recipient of a disability pension from the Board. Pursuant to section 3—115 of the Code (40 ILCS 5/3—115 (West 1996)), the Board has the right to require that the plaintiff be examined in order to verify whether the plaintiff's disability status has changed. Pursuant to this authority, the Board had the plaintiff examined by Dr. Randall Rogalsky and Maureen Ackels, a physical therapist. It is undisputed that the plaintiff was then examined by a doctor of his own choosing, Dr. James Segrist. On August 26, 1997, Dr. Segrist sent a letter to the Board, stating that the plaintiff is totally disabled for law enforcement activities.

On February 26, 1998, the Board sent the plaintiff a letter requesting that the plaintiff stipulate to the taking of Dr. Rogalsky's and Ackels' evidence depositions for presentation to the Board. The Board also indicated that another attorney, Dennis Orsey, might question these individuals on the Board's behalf. The plaintiff responded on March 2, 1998, and objected to the taking of depositions and also to the Board's hiring another attorney to question these individuals. On January 19, 1999, the plaintiff received a letter from attorney Orsey indicating that he had been retained by the Board as special counsel to represent it in the plaintiff's case. Orsey noted that he had scheduled evidence depositions for Dr. Rogalsky and Ackels on March 4, 1999.

The plaintiff filed a complaint on February 1, 1999. He later filed a motion for a preliminary injunction seeking to enjoin the evidence depositions until a ruling by the court on the merits of his complaint. The Board filed a response to the plaintiff's complaint on February 25, 1999. On March 4, 1999, the circuit court denied the plaintiff's complaint for declaratory judgment. The circuit court also denied the plaintiff's motion for a preliminary injunction and his complaint for injunctive relief. The circuit court stated as follows: "The Court is of

the opinion that proceeding by way of evidence depositions is permissible for hearings as would occur before the Board of Trustees, the named defendant herein. The Court declines to bar the use of Attorney Orsey as an additional attorney for the Board in any proceedings they may schedule."

It is undisputed that during the telephone hearing, counsel for the Board stated that the evidence depositions were continued to April 29, 1999, since a ruling by this court was not possible before then. The plaintiff requested that this court accelerate the docket for appeal, and on March 30, 1999, the plaintiff's request was granted.

The plaintiff claims that the Board does not have statutory authority to take the evidence depositions of witnesses. We disagree.

■ The Board is an administrative agency vested with extensive authority, and it exercises quasi-judicial powers. *Bowden v. Flannery*, 18 Ill. App. 2d 299, 307, 152 N.E.2d 188, 192 (1958). "Quasi-judicial" is the term used to describe boards and agencies that, while not a part of the judiciary, exercise functions of a judicial nature. *Bowden*, 18 Ill. App. 2d at 307, 152 N.E.2d at 192. An administrative agency is a creature of statute and has no general or common law powers. *Business & Professional People for Public Interest v. Illinois Commerce Comm'n*, 136 Ill. 2d 192, 243, 555 N.E.2d 693, 717 (1989). Hence, any power or authority claimed by an administrative agency must find its source within the provisions of the statute by which the agency was created. *Schalz v. McHenry County Sheriff's Department Merit Comm'n*, 113 Ill. 2d 198, 202, 497 N.E.2d 731, 733 (1986). The authority of the board must either arise from the express language of the act or devolve by fair implication and intendment from the express provisions of the act as an incident to achieving the objectives for which the board was created. See *Schalz*, 113 Ill. 2d at 202, 497 N.E.2d at 733. An act by an administrative agency in excess of its limited jurisdiction is void. *Business & Professional People for Public Interest*, 136 Ill. 2d at 243, 555 N.E.2d at 717.

■ One of the powers granted to the Board in the Code is the power to subpoena witnesses. 40 ILCS 5/3—136 (West 1996). Sections 3—131 and 3—136 state as follows:

"§ 3—131. Powers and duties of board. The board shall have the powers and duties stated in Sections 3—132 through 3—140.1 ***." 40 ILCS 5/3—131 (West 1996).

"§ 3—136. To subpoena witnesses. [The board has the power] [t]o compel witnesses to attend and testify before it upon all matters connected with the administration of this Article, *in the manner provided by law for the taking of testimony in the circuit courts of this State*. The president, or any board member, may administer

. oaths to witnesses." (Emphasis added.) 40 ILCS 5/3—136 (West 1996).

The plaintiff claims that since there is no express provision in the statute stating that the Board has the power to take depositions of witnesses, no such power exists.

■ The best indicator of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning. *Paris v. Feder*, 179 Ill. 2d 173, 177, 688 N.E.2d 137, 139 (1997). When the language of a statute is clear and unambiguous, courts must enforce the statute as written and may not resort to other aids for construction. See *Superior Structures Co. v. City of Sesser*, 292 Ill. App. 3d 848, 851, 686 N.E.2d 710, 712 (1997).

The plaintiff appears to focus on the language in the statute that says that the Board has the power to compel witnesses "to attend and testify before it," and the plaintiff then presumes that since an evidence deposition would not be testimony "before" the Board, the Board does not have the statutory power to take evidence depositions.

■ While we agree with the plaintiff that a statute should be construed so that no word or phrase is rendered superfluous or meaningless (see *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189, 561 N.E.2d 656, 660 (1990)), we note that the plaintiff fails to acknowledge what the precise definition of the word "testimony" is. The plaintiff also fails to understand that section 3—136 of the Code merely delineates a power that the Board *can* utilize. There is nothing in the Code that mandates that the Board actually utilize those powers. The legislature has granted the Board the *power* to compel witnesses to attend and testify before it. We know this to be true because section 3—136 states that testimony is to be taken "in the manner provided by law for the taking of *testimony* in the circuit courts of this State." (Emphasis added.) 40 ILCS 5/3—136 (West 1996). The word "testimony" means much more than mere in-person testimony at the hearing. "Testimony properly means *** such evidence as is delivered by a witness on the trial of a cause, either orally *or in the form of affidavits or depositions.*" (Emphasis added.) Black's Law Dictionary 1476 (6th ed. 1990). Hence, the statute contemplates that testimony in the form of depositions may be used. See, *e.g.*, 166 Ill. 2d R. 202 (Supreme Court Rule 202 authorizes the taking of depositions for evidentiary purposes); 134 Ill. 2d R. 212(b) (Supreme Court Rule 212(b) regulates the use of the deposition).

By so holding, we refuse to find that the Board's grant of authority by the legislature to subpoena witnesses to testify pursuant to section 3—136 of the Code imposes a limitation on the Board's ability to depose witnesses.

■ The plaintiff also claims that the use of evidence depositions, in lieu of oral testimony, violates his due process rights. The plaintiff argues that the Board's ability to evaluate the credibility of the witnesses will be hampered if the Board is allowed to substitute an evidence deposition for in-person testimony in front of the Board. We disagree.

Section 3—136 contemplates that the taking of testimony for Board purposes must be "in the manner provided by law for the taking of testimony in the circuit courts of this State." 40 ILCS 5/3—136 (West 1996). Since we have determined that evidence depositions are a form of testimony and are allowed by section 3—136, the Board must comply with Supreme Court Rule 212, which states precisely how physicians' and surgeons' depositions should be used (134 Ill. 2d R. 212). Rule 212(b) states as follows:

> "The evidence deposition of a physician or surgeon may be introduced in evidence at trial on the motion of either party regardless of the availability of the deponent, without prejudice to the right of either party to subpoena or otherwise call the physician or surgeon for attendance at trial." 134 Ill. 2d R. 212(b).

When section 3—136 and Supreme Court Rule 212(b) are construed together, if a physician's or surgeon's evidence deposition is introduced at the Board's hearing, the plaintiff can subpoena or call the physician for attendance at the hearing. Additionally, when the evidence deposition of the physician in this case is taken, the plaintiff will be given notice and a full opportunity to cross-examine the physician to the same extent as if the physician were to appear before the Board. We fail to comprehend precisely how the plaintiff's right to due process will be violated by complying with the same rules that govern testimony given in circuit court.

■ The plaintiff also complains that his due process rights are being violated since his own doctor is not being deposed by the Board. We disagree. There is nothing in the record to suggest that the Board is attempting to prohibit the plaintiff from deposing his own physician and introducing that evidence deposition at the hearing in the same manner that the Board intends to use Dr. Rogalsky's evidence deposition.

For these reasons, we fail to see how the plaintiff has been deprived of his right to due process and fundamental fairness.

■ Finally, the plaintiff makes a blanket statement at the outset of his brief that his right to a fair hearing has been compromised by the Board's decision to employ additional counsel to conduct Dr. Rogalsky's evidence deposition and to interrogate witnesses at the hearing. The plaintiff makes this statement without any citation to authority.

Pursuant to Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)), argument "*shall* contain the contentions of the appellant and the reasons therefor, *with citation of the authorities*." (Emphasis added.) Since the plaintiff has failed to comply with Supreme Court Rule 341(e)(7), this issue is waived. Even if this issue had not been waived, we disagree with the plaintiff's assertion. See *Thurow v. Police Pension Board*, 180 Ill. App. 3d 683, 689, 536 N.E.2d 155, 159 (1989).

In light of the foregoing considerations, we affirm the circuit court's decision that the Board may elicit testimony in the form of evidence depositions in the manner provided by law in the circuit courts of this state.

The circuit court's order is affirmed, and this cause is remanded for further proceedings consistent with this opinion.

Affirmed and remanded.

WELCH and GOLDENHERSH, JJ., concur.