JAMES R. KOONTZ *et al.*, Plaintiffs-Appellants, v. PEPSICO, INC., Defendant-Appellee.

First District (4th Division)   No. 86—1441

Opinion filed February 26, 1987.

Nicholas Liontakis, of Nicholas Liontakis, Ltd., of Homewood, for appellants.

Mark A. Braun and Scott R. Britton, both of Braun, Lynch, Smith & Strobel, Ltd., of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, James R. Koontz, James I. Williams, James Sloniker, Charles Brown, and Roosevelt Smith, appeal from an order of the circuit court of Cook County dismissing their complaint against defendant, Pepsico, Inc. Plaintiffs argue that (1) they need not exhaust their remedies through the Illinois Industrial Commission since a declaratory judgment is an optional alternate remedy, and (2) the Workers'

Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138 *et seq.*) is not an exclusive remedy for resolving employees' claims.

We affirm.

■ In determining whether to allow a motion to dismiss, a court must take allegations of fact contained in the complaint as true and construe all reasonable inferences therefrom in the plaintiff's favor. (*Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 1057, 341 N.E.2d 13, 15.) Plaintiffs alleged that on various dates in 1984, they filed workers' compensation claims against Lee Way Corporation, not a party to this action. Before the Industrial Commission considered their claims, Lee Way, a wholly owned subsidiary of Pepsico, Inc., filed a voluntary petition in bankruptcy. Subsequently, Lee Way was divested by Pepsico and merged into C.L. Motor Freight, Inc. Plaintiffs thereafter filed claims in the trial court against Pepsico on the basis of an alleged guaranty agreement by which Pepsico allegedly assumed Lee Way's obligation to pay all workers' compensation awards on behalf of Lee Way. Plaintiffs asked the trial court to enforce the guaranty agreement, requiring Pepsico to pay any workers' compensation awards that the Industrial Commission may grant to plaintiffs. The trial court concluded that the issues raised in plaintiffs' request for declaratory relief could be addressed in their workers' compensation claims before the Industrial Commission. Thus, the trial court determined that plaintiffs were required to exhaust their remedies under the Workers' Compensation Act before it could obtain jurisdiction. It is from this decision that plaintiffs appeal.

■ Plaintiffs contend that they need not exhaust their remedies with the Industrial Commission, since they are seeking only a declaratory judgment, which is an optional alternative remedy to the normal remedy.

Where administrative remedies are available, they must be exhausted before judicial review in the circuit court can commence. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 357-58, 326 N.E.2d 737, 741.) Exceptions to this rule have been delineated. The court will not require a party to exhaust its remedies (1) where an ordinance or statute is attacked as unconstitutional, (2) where multiple remedies exist and at least one has been exhausted, and (3) where irreparable harm will result from further pursuit of administrative remedies. (60 Ill. 2d 350, 358, 326 N.E.2d 737, 741-42.) Plaintiffs do not contend that their claims fall under any of the above-recognized exceptions to the exhaustion rule.

■ In their request for declaratory judgment, plaintiffs requested the trial court to declare that Pepsico, pursuant to its alleged guar-

anty agreement with Lee Way to assume Lee Way's obligations under the Workers' Compensation Act, is legally bound to pay any amount due plaintiffs under the Act. A review of the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138 *et seq.*) indicates that the Industrial Commission has the authority and jurisdiction to review and interpret the alleged guaranty agreement to determine who is legally bound to pay plaintiffs' workers' compensation claims. (See Ill. Rev. Stat. 1983, ch. 48, par. 138.4(g).) Thus, plaintiffs must exhaust their remedies with the Industrial Commission before the circuit court has jurisdiction to determine whether Pepsico is legally bound to pay plaintiffs' workers' compensation claims pursuant to an alleged guaranty agreement with the Lee Way Corporation.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.