ABATRON, INC., Plaintiff-Appellant, v. THE DEPARTMENT OF LABOR, Defendant-Appellee.

Second District No. 2—87—0243

Opinion filed November 20, 1987.

Marsha J. Caporaso, of Sleepy Hollow, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Richard J. Puchalski, Special Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Abatron, Inc., appeals from an order of the circuit court which, on administrative review, affirmed a decision of the Director of the Illinois Department of Labor which imposed a $750 penalty against plaintiff and ordered plaintiff to cease and desist violating the Toxic Substances Disclosure to Employees Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 1401 *et seq.*).

The issue presented by this appeal is whether the Director of the Department of Labor was authorized to initiate enforcement proceedings against plaintiff under section 17(a) of the Act. Ill. Rev. Stat. 1985, ch. 48, par. 1417(a).

On February 28, 1986, E. Allen Bernardi, as Director of Labor, filed in the Toxic Substances Division of the Department of Labor a "Notice of Complaint and Hearing before the Director of Labor." The document was directed to plaintiff and advised that it was filed as a complaint pursuant to section 17(a) of the Act; that an investigation had disclosed probable cause exists that a violation of certain report requirements of the Act had occurred; and that a hearing of the com-

plaint has been set for April 4, 1986, before a representative of the Director of Labor. The notice further advised that should plaintiff not appear, a default judgment may be entered, and a fine imposed, on proof of the charges.

The hearing was held before Mary A. Mulhern, Director's representative, who on June 2, 1986, issued a report and recommendation to the Director of the Department of Labor. The report determined that plaintiff had unintentionally delayed in submitting to the Director certain safety data sheets when plaintiff lacked information necessary to achieve compliance and recommended that plaintiff be ordered to cease and desist violating the Act and pay a penalty of $750 for the violation. The report also acknowledged that plaintiff questioned the standing of the Department of Labor to bring a complaint under section 17 of the Act.

On June 16, 1986, E. Allen Bernardi, Director of the Department of Labor, entered a decision adopting and confirming the report and recommendations of his representative, ordering plaintiff to cease violating the Act and to pay a $750 penalty. Plaintiff sought administrative review in the circuit court asserting as its sole issue that the administrative action brought by the Department of Labor on its own initiative, without a proper complaining party, was void as not authorized by the Toxic Substances Disclosure to Employees Act. The trial court rejected plaintiff's argument and affirmed the decision of the administrative agency. Plaintiff appeals.

Section 17(a) of the Act provides as follows:

> "*An employee, employee representative or employer* who alleges that he or she has been denied his or her rights under this Act may, within 180 days of the alleged denial or after first learning of the alleged denial, file a complaint alleging a violation of the Act with the Department. The Department shall investigate the complaint and shall have authority to request the issuance of a search warrant or subpoena to inspect the files or premises of an employer, manufacturer, importer or supplier, if necessary. The Department shall attempt to resolve the complaint by conference, conciliation, or persuasion. If the complaint is not so resolved and the Department finds probable cause to believe a violation has occurred, the Department shall proceed with notice and a hearing on the complaint." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 1417(a).)

Section 17(b) requires that the hearing of a complaint must occur within 60 days and that the employee, employee representative, employer and respondent may present evidence and cross-examine wit-

nesses. The Director is authorized to make rules to compel the attendance of witnesses, the issuance of subpoenas, and for the prehearing exchange of documents and information between the parties. Sections 17(c), (d), and (e) provide for remedies to be imposed by the Director, including the forfeiture of $1,000 to $10,000 for each violation of the Act and punitive damages up to $20,000. Section 17(f) authorizes judicial review under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) of a final decision of the Director of Labor and provides that the complainant may file an original action in the circuit court for the same remedies if the Director fails to issue a decision within 30 days of the hearing.

Plaintiff contends that the Director of the Department of Labor exceeded his authority by initiating the complaint in this case as only an employee, employee representative, or employer who claims denial of his rights under the Act may do so by the terms of the statute.

The Department contends that its authority to initiate a complaint for violation of the Act can be inferred from the terms of the Act, which provide in section 2 that it shall be liberally construed (Ill. Rev. Stat. 1985, ch. 48, par. 1402), and asserts that the legislature thus intended to grant the Department of Labor authority, express and implied, to carry out the objectives of the Act. It also argues that section 18 of the Act, which provides that "[t]he Director is authorized to take such administrative action and to issue such rules and regulations *** as are reasonably required to implement this Act" (Ill. Rev. Stat. 1985, ch. 48, par. 1418), gives the Director authority to institute an action as complainant for violations of the Act. The Department of Labor further argues that it has determined it has statutory authority to act as complainant against employers who fail to comply with the Act and has the discretion to construe the provision of the statute it enforces.

■■ An administrative agency is a creature of statute and, as such, has no general or common law powers. Any authority or power claimed by it must arise from the express language of the statute under which it acts or, by fair implication and intendment, be incident to the express authority conferred by the legislature. (*Schalz v. McHenry County Sheriff's Department Merit Comm'n* (1986), 113 Ill. 2d 198, 202-03, 497 N.E.2d 731; *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 551, 370 N.E.2d 223.) Where the scope of an agency's authority is in question, the determination is one of law and a judicial function which may not be finally determined by the administrative agency. *Mitee Racers, Inc. v. Carnival-Amusement Safety Board* (1987), 152 Ill. App. 3d 812, 816, 504 N.E.2d 1298.

The express language of section 17(a) of the Toxic Substances Disclosure to Employees Act sets forth a procedure whereby an employee, employee representative, or an employer who believes he or she has been denied rights under the Act may file a complaint with the Department of Labor. Proceedings are thereafter conducted by employees of the Department to effect a resolution of the complaint which, if not successful, can result in a hearing, decision that a violation occurred, and the imposition of penalties by the Director of the Department of Labor. Those who are included within the groups entitled to bring a complaint under the Act as employee, employee representative or employer have been defined by the legislature (Ill. Rev. Stat. 1985, ch. 48, pars. 1403(e), (f), (g)) and do not include the Department of Labor or its Director. To have done so would have been to create an anomaly whereby representatives of the Department would be required to act in the conflicting positions of injured party, investigator, fact finder, and judge of the penalty to be imposed for violation of the Act.

■ We are not persuaded that the authority to act as a complainant in a proceeding under section 17(a) finds support in either the "liberal construction" language of section 2 or the general power to take "administrative action" and enact rules set forth in section 18 of the Act. (Ill. Rev. Stat. 1985, ch. 48, pars. 1402, 1418.) Where an administrative agency has been vested with discretionary authority, intelligible standards must be provided by the legislature to guide the agency in the exercise of its discretion (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 551, 370 N.E.2d 223), and it has not here set forth any circumstances in which the Department of Labor may initiate a complaint with the Department where those parties directly authorized have not done so. While an agency's authority can be found, by fair implication and intendment, to be incident to the express authority conferred by the legislature (*Schalz v. McHenry County Sheriff's Department Merit Comm'n* (1986), 113 Ill. 2d 198, 202-03, 497 N.E.2d 731), where the language of a statute is clear and unambiguous, a court must enforce the law as enacted. (*Mitee Racers, Inc. v. Carnival-Amusement Safety Board* (1987), 152 Ill. App. 3d 812, 817, 504 N.E.2d 1298.) A basic rule of statutory construction is that the expression of one thing or one mode of action in an enactment excludes all others. (*Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 88, 335 N.E.2d 600.) Had the legislature intended that the Department of Labor or its Director have the authority asserted in this case, the legislature could have easily so provided but did not do so.

■ The Department has also argued that plaintiff waived its right to contest the authority of the Department to file a complaint under the Act by not raising the issue in the administrative hearing. Examination of the record of that hearing and the report of the hearing officer discloses, however, that plaintiff did raise the issue and sought administrative review directed to that question.

Neither party to this appeal has raised an issue relating to the general authority of the State of Illinois to enact the provisions of the Act relating to disclosure of potentially hazardous material in the workplace, and we do not consider it. See *United Steelworkers of America, AFL-CIO-CLC v. Auchter* (3d Cir. 1985), 763 F.2d 728 (Federal Hazard Communication Standard, 29 C.F.R. §1910.12 *et seq.* (1985), preempts State hazard disclosure laws in the manufacturing sector).

Accordingly, the judgment of the circuit court is reversed.

Reversed.

INGLIS and REINHARD, JJ., concur.