MARIO R. EGIDI, Plaintiff-Appellant, v. THE TOWN OF LIBERTYVILLE *et al.*, Defendants-Appellees.

Second District   No. 2—88—0525

Opinion filed April 12, 1989.

James T. Magee, of James T. Magee & Associates, of Round Lake, for appellant.

Gerald P. Callaghan and Charles L. Siemon, both of Siemon, Larsen & Purdy, of Chicago, for appellee Town of Libertyville.

Robert Radasevich, of Neal, Gerber, Eisenberg & Lurie, of Chicago, for appellee Bank of Highland Park.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Mario Egidi, filed a complaint alleging that defendant Town of Libertyville (Libertyville) purchased certain land from defendant Bank of Highland Park (Bank) but had no statutory authority to enter into the transaction. The trial court granted motions to dismiss filed by both defendants and ruled that Libertyville had the authority to purchase the land pursuant to the Township Open Space Act (Act) (Ill. Rev. Stat. 1987, ch. 139, par. 321 *et seq.*). Plaintiff now appeals.

We note that in September 15, 1987, defendant Libertyville purchased the subject property from defendant Bank in a voluntary and, apparently, arms-length transaction. The subject property was acquired for $480,000 in a single transaction from the Bank, and the property consists of 50.6771 acres and was in two parcels separated by a 270-foot right-of-way so that each of said parcels was less than 50 acres. The Bank had acquired the subject property on July 22, 1987, in a Uniform Commercial Code sale from its debtor, Bank of Waukegan as trustee under land trust No. 666. Plaintiff was one of the beneficiaries of said trust.

Plaintiff brought the instant action on behalf of all residents and taxpayers of Libertyville. His complaint alleged that Libertyville purchased the subject property for $480,000 on September 15, 1987. According to the complaint, Libertyville had previously filed an eminent domain proceeding in an attempt to acquire the same land, and the circuit court of Lake County ruled in case No. 86—ED—15 that the town did not have the authority to acquire it.

In this case, Libertyville filed a motion to dismiss alleging that the area of the land purchased from the Bank was greater than 50 acres and that Libertyville had authority pursuant to the Act to purchase the land. Section 4.02 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 324.02) permits local governments authorized to implement open space programs to acquire the fee or any lesser interest in open land as that term is defined in section 2. Section 2 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 322) defines "open land" as "any space or area of land or water of an area of 50 acres or more" with one or

more of the subsequently mentioned open space attributes. Libertyville stated in its motion that the trial judge in the eminent domain proceeding ruled against Libertyville because the land in question had an area of less than 50 acres and because it was used for agricultural purposes, thus exempting it from acquisition through eminent domain (see Ill. Rev. Stat. 1987, ch. 139, par. 324.02). The trial court's ruling in that case was subsequently affirmed in *Town of Libertyville v. Bank of Waukegan* (1987), 152 Ill. App. 3d 1066, with this court only finding it necessary to address the issue of the agricultural use exemption.

Libertyville's motion stated further that the area of the property purchased from the Bank was greater than 50 acres. The affidavit of land surveyor Richard Hampton states that the land Libertyville purchased from the Bank had an area of 50.6771 acres, while the area of the property that the town sought in the eminent domain proceeding was 47.073 acres.

The Bank also filed a motion to dismiss. The Bank's motion stated that the circuit court only held in case No. 86—ED—15 that Libertyville could not acquire the property in question through eminent domain. The motion also stated that the transaction between Libertyville and the Bank was a voluntary sale, and the Bank had not used the land for agricultural purposes.

Plaintiff asserted in his amended response that Libertyville actually purchased two parcels of land from the Bank on September 15, 1987. One was a parcel measuring approximately 49.5 acres; the other parcel measured approximately 1.25 acres. The two parcels were separated by a 270-foot wide right-of-way held by Commonwealth Edison Company. Plaintiff contended that Libertyville lacked the authority to acquire the parcels since neither of them had an area greater than 50 acres. Libertyville asserted that the parcels were contiguous despite the presence of the right-of-way. The trial judge granted the motion to dismiss, finding that the parcels were contiguous and that the area of the two parcels was greater than 50 acres. The trial judge also found that Libertyville purchased the land in a voluntary transaction. Egidi appeals from the trial court's dismissal order and the subsequent order of the trial court denying him leave to file an amended complaint.

As we have previously noted, section 4 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 324.02) permits local governments authorized to implement open space programs to acquire the fee or any lesser interest in open land as that term is defined in section 2. Section 2(b) of the Act states as follows:

" 'Open land' or 'open space' means any space or area of land *** of an area of 50 acres or more, the preservation or the restriction of development or use of which would maintain or enhance the conservation of natural or scenic resources; protect natural streams or water supply; promote conservation of soils, wet lands or shores; afford or enhance public outdoor recreation opportunities; preserve flora and fauna, geological features, historic sites or other areas of educational or scientific interest; enhance the value to the public of abutting or neighboring highways, parks or other public lands; implement the plan of development adopted by the planning commission of any municipality or promote orderly urban or suburban development." Ill. Rev. Stat. 1987, ch. 139, par. 322(b).

In *Town of Libertyville v. First National Bank* (1988), 178 Ill. App. 3d 591, the Town of Libertyville filed an eminent domain proceeding against the owners of a 2.985-acre parcel. The primary issue presented was whether a parcel less than 50 acres could be considered as open land under the Act. The 2.985-acre parcel adjoined a 90-acre parcel and an 18-acre parcel that the town had been authorized to acquire pursuant to a resolution provided for by the Act but which was not owned by the town at the time the condemnation suit was instituted. This court dismissed the condemnation proceeding instituted by the town, holding that the 2.985-acre parcel did not qualify as open land under the Act.

We agree with Egidi's contention that Libertyville has purchased two separate areas of land from the Bank, one measuring approximately 49.5 acres and the other approximately 1.25 acres; however, they do not adjoin or abut each other. The fact that these parcels would be considered contiguous under certain provisions of the Illinois Municipal Code (see, *e.g.*, Ill. Rev. Stat. 1987, ch. 24, par. 7—1—1) is of no relevance here. Section 2(b) of the Act defines open land as *"an* area of land or water of *an* area of 50 acres or more" (emphasis added) with one or more of the subsequently mentioned open space attributes. Two regions of land completely separated by a 270-foot right-of-way which is held by a different entity cannot be considered "an area of land."

Libertyville's motion to dismiss was brought pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)), which concerns motions asserting that plaintiff's claim is barred by affirmative matter avoiding or defeating the legal effect of the claim other than the affirmative matter set forth in sections 2—619(a)(1) through (a)(8) of the Code. Although

546

the Bank stated in its motion to dismiss that the motion was brought pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), it is apparent that the Bank mischaracterized the motion. Motions pursuant to section 2—615 of the Code challenge only the sufficiency of plaintiff's complaint. (*Schnidt v. Henehan* (1986), 140 Ill. App. 3d 798, 801.) The Bank's motion does not attack the sufficiency of Egidi's complaint, but instead raises affirmative matter tending to defeat Egidi's claim, such as the fact that the Bank did not use the property for agricultural purposes. Accordingly, we shall consider the Bank's motion as a motion brought pursuant to section 2—619(a)(9) of the Code.

A motion pursuant to the above provision should only be granted if the affirmative matter raised therein negates plaintiff's cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. (*In re Estate of Bajonski* (1984), 129 Ill. App. 3d 361, 365.) Defendants failed in their motions to completely refute plaintiff's claim that Libertyville lacked statutory authority to purchase the subject property. Defendants did not establish in their motions that each of the two areas which Libertyville purchased from the Bank was a parcel of land 50 acres or more with one or more of the open space attributes mentioned in section 2(b) of the Act. Accordingly, we must reverse the circuit court order dismissing the case with prejudice.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

NASH and DUNN, JJ., concur.