EMPLOYERS MUTUAL COMPANIES, Plaintiff-Appellant, v. GEORGE SKILLING, Defendant-Appellee (Kirkpatrick Trucking Company, Defendant).

Second District   Nos. 2—93—0088, 2—93—0138 cons.

Opinion filed February 4, 1994.

WOODWARD, J., specially concurring.
McLAREN, J., specially concurring.

Laurence R. Sharlot, of Stevenson, Rusin & Friedman, Ltd., of Chicago (D. William Porter, of counsel), for appellant.

James F. Black, of Peter T. Sullivan & Associates, of Rockford (Peter T. Sullivan III, of counsel), for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Employers Mutual Companies (Employers Mutual), appeals from an order dismissing its complaint for declaratory judgment against defendant, George Skilling. Skilling had filed two claims for workers' compensation with the Illinois Industrial Commission (Commission) before Employers Mutual filed its complaint in the circuit court. The trial court dismissed the complaint on the ground that plaintiff had failed to exhaust its administrative remedies before the Commission. On appeal Employers Mutual contends that the trial court erred because the Commission did not have jurisdiction to rule on the issue presented in the complaint.

Skilling's workers' compensation claims, filed on July 24, 1991, and September 12, 1991, alleged two separate accidents, both occurring in Illinois, while he was employed by defendant, Kirkpatrick Trucking Company, Inc. (Kirkpatrick). At the time of the accidents Kirkpatrick had workers' compensation insurance provided by Employers Mutual. While we cannot discern a date from the record, at oral argument counsel indicated that in the spring of 1992 Employers Mutual filed a motion with the Commission requesting leave to be added as a party respondent to Skilling's claims. The insurer also asserted essentially that the policy provided coverage only for injuries occurring in work places located in Wisconsin. Since Skilling was injured in Illinois, Employers Mutual requested a determination that it had no obligation to defend or indemnify Kirkpatrick or to pay workers' compensation benefits to Skilling as a result of his claims filed with the Commission. In its subsequent complaint for declaratory judgment, filed on June 5, 1992, Employers Mutual made the same allegations it had made in its motion to the Commission and asked for a ruling from the court that it had no obligation toward Kirkpatrick or Skilling. Employers Mutual ultimately received a default judgment against Kirkpatrick in the court action.

In a motion to dismiss the complaint Skilling urged that, by bringing the matter before the Commission arbitrator, Employers Mutual had acknowledged that the appropriate forum for the determination of insurance coverage was in the Commission. Skilling sought dismissal of the complaint on the ground that there was another action pending between the same parties for the same cause. Employers Mutual acknowledged that it had attempted to have the Commission determine the insurance coverage issue but asserted that the arbitrator would not entertain its motion. Employers Mutual then argued that the Commission did not have jurisdiction over coverage issues. The motion to dismiss was denied. We note that during oral argument counsel for Employers Mutual explained that, when the arbitrator learned this case had been initiated in the circuit court, he declined to rule on the company's motion.

Skilling again moved to dismiss, pursuant to section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)), on the basis that Employers Mutual had failed to exhaust its administrative remedies before the Commission regarding the issue of insurance coverage. The trial court granted the motion, and this appeal followed.

■ When proceeding under section 2—619, a movant concedes all well-pleaded facts set forth in the complaint, but does not admit conclusions of law. (*Falk v. Martel* (1991), 210 Ill. App. 3d 557, 560-61; *Miranda v. Jewel Cos.* (1989), 192 Ill. App. 3d 586, 588.) A section 2—619 motion to dismiss should be granted only when it raises affirmative matter which negates the plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material, but unsupported, fact. (*Daiwa Bank, Ltd. v. La Salle National Trust, N.A.* (1992), 229 Ill. App. 3d 366, 384; *Miranda*, 192 Ill. App. 3d at 588; *Egidi v. Town of Libertyville* (1989), 181 Ill. App. 3d 542, 546.) While appellate review of the dismissal of a complaint pursuant to a section 2—619 motion is limited to a consideration of the legal questions presented by the pleadings, such review is independent and need not defer to the trial court's reasoning. (*Miranda*, 192 Ill. App. 3d at 588; *Ronning Engineering Co. v. Adams Pride Alfalfa Corp.* (1989), 181 Ill. App. 3d 753, 758.) These principles guide our inquiry.

Although Employers Mutual acknowledges the general rule that, where administrative remedies are available, they must be exhausted before judicial review in the circuit court is appropriate (see *People v. NL Industries* (1992), 152 Ill. 2d 82, 95; *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 357-58), it maintains that the rule does not apply here because (1) it contests the authority or jurisdiction of the Commission to hear the case, and (2) pursuit of such remedies would be futile since the Commission lacks jurisdiction and, therefore, cannot provide adequate relief. Skilling responds only that the Commission has broad authority over the interpretation and enforcement of workers' compensation insurance contracts and Employers Mutual, therefore, is required to exhaust its administrative remedies. Skilling's argument overlooks the threshold issue that Employers Mutual has raised.

Employers Mutual does not contest that the Commission enjoys wide authority in the overall area of workers' compensation. Rather, it focuses only on the exhaustion rule and its exceptions. Those exceptions were set forth in *Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 308-09, and include circumstances, as invoked by Employers Mutual, "where the agency's jurisdiction is attacked because it is not authorized by statute," and situations

"where the agency cannot provide an adequate remedy or where it is patently futile to seek relief before the agency." (*Castaneda*, 132 Ill. 2d at 309.) Obviously, the effectiveness of the second exception urged by Employers Mutual, since it relies on a lack of jurisdiction, depends on establishing such a lack under the first exception.

In *County of Kane v. Carlson* (1987), 116 Ill. 2d 186, a case cited by Employers Mutual, the plaintiffs challenged the jurisdiction of the Illinois State Labor Relations Board (Labor Board) to act on a pending petition concerning union representation of the deputy circuit clerks. The county sought from the court a declaratory judgment that the deputy clerks were not employees within the scope of the relevant statute and that the Labor Board, therefore, had no jurisdiction over the representation petition. The plaintiffs also attacked the constitutionality of the statute on its face. The *County of Kane* court stated that the exhaustion rule does not apply where a party challenges the constitutionality of a statute on its face or contests the authority or jurisdiction of the administrative agency. The court then noted that those issues were raised by the county in its complaint and added that the questions presented were entirely legal and did not require fact finding by the agency or the application of the agency's particular expertise. The court concluded that the parties were not required to exhaust their administrative remedies before bringing their respective actions.

In *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, a case cited in *County of Kane*, the plaintiff sought to prohibit the Pollution Control Board from acting under one of its own procedural rules, on the basis that the rule was not authorized by statute. The court did not require exhaustion, relying on an exception for situations where a rule under which an administrative body purports to act is challenged as unauthorized by the enabling legislation. The court explained that the purposes underlying the exhaustion doctrine are not served by imposing the rule under such circumstances. The *Landfill* court noted, as the rationale for the exhaustion doctrine, that it facilitates full development of the facts before the agency; it gives the agency an opportunity to utilize its expertise; and it allows the aggrieved party to succeed ultimately before the agency, making judicial review unnecessary. (See also *Castaneda*, 132 Ill. 2d at 308 (where the court added as reasons for the doctrine that it helps protect agency processes from impairment by avoidable interruptions, allows the agency to correct its own errors, and conserves valuable judicial time by avoiding piecemeal appeals).) The court then clarified why these purposes would not be served under the circumstances of the case before it:

"Where an agency's statutory authority to promulgate a rule and exercise jurisdiction is in issue, no questions of fact are involved. The agency's particular expertise is not implicated in statutory construction. Furthermore, there is virtually no chance the aggrieved party will succeed before an agency where the issue is the agency's own assertion of authority." (*Landfill*, 74 Ill. 2d at 550-51.)

After concluding that exhaustion was not required where an administrative body's rule was attacked on the ground that it was not authorized by statute, the *Landfill* court added:

"Under these circumstances the judicial determination involves a question of law which will affect the jurisdiction of the administrative body in all cases and will hasten the administration of justice." *Landfill*, 74 Ill. 2d at 551.

Like the plaintiffs in *County of Kane* and *Landfill*, Employers Mutual asserts that the administrative agency does not have jurisdiction in this case because the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1992)) does not authorize such jurisdiction. Specifically, Employers Mutual claims the Act does not empower the Commission to interpret the coverage provisions of the insurance policy issued to Kirkpatrick, Skilling's employer. Whether the Act gives the Commission the authority to interpret or construe a contract between an employer and its workers' compensation insurer does not involve questions of fact. Rather, what the question calls for is construction of the enabling legislation as expressed in the Act. As observed by the *County of Kane* and *Landfill* courts, statutory construction presents a question of law and requires neither fact finding by the administrative agency nor the application of its expertise. Finally, it is true here, as it was regarding the Pollution Control Board in *Landfill*, that the resolution of the legal issue will affect the Commission's jurisdiction in all matters, not just the present case, and will hasten the administration of justice. We hold that, for purposes of determining whether the Commission was statutorily authorized to consider the insurance coverage dispute between Skilling and Employers Mutual, the trial court had jurisdiction. To that extent, Employers Mutual was not required to exhaust its administrative remedies before bringing this action in the circuit court.

Skilling cites *Koontz v. Pepsico, Inc.* (1987), 153 Ill. App. 3d 152, but it is not clear that he invokes the case with regard to this issue. As we suggested earlier, defendant seems to have overlooked this threshold question, evidently assuming either that the Commission has the relevant authority under the Act or has the power to decide for itself whether it has such authority under the Act. In any event,

*Koontz* is not helpful to defendant on this point. Although their workers' compensation claims were already pending before the Commission, plaintiff employees in *Koontz* asked the court to enforce an agreement whereby a third party allegedly guaranteed payment of the employer's workers' compensation obligations. Plaintiffs did not challenge the power of the Commission to decide the matter on the ground that the Act did not give it jurisdiction. In this sense jurisdiction was not an issue in the case. We note, though, that the court itself implicated the matter of jurisdiction when it proceeded to review and construe the Act in order to resolve the exhaustion issue. It appears that, in essence, the court simply assumed that it, and not the Commission, had jurisdiction to interpret the statute. Accordingly, *Koontz* does not undercut the principle that the court has jurisdiction to make the initial determination of whether the enabling statute empowers the agency to act.

Having concluded that initial jurisdiction is in the court, we must now determine whether the Act authorizes the Commission to interpret contracts of insurance between employers and their workers' compensation insurance carriers in order to resolve coverage issues. Employers Mutual does not dispute that defendant's claims were properly brought before the Commission. It contends only that the court, rather than the Commission, is the proper forum to interpret the coverage provisions of the insurance policy. By its ruling the trial court impliedly decided otherwise. We are of the opinion that the trial court was correct.

■ An administrative agency is a creature of statute, and any authority or power of such an agency must arise from the express language of the statute under which it acts or, by fair implication, be incident to the express authority conferred by the legislation. (*Abatron, Inc. v. Department of Labor* (1987), 162 Ill. App. 3d 697, 700.) Hence, the issue is one of statutory construction, and our task is to discern and give effect to the intent of the legislature. (See *State Farm Fire & Casualty Co. v. Yapejian* (1992), 152 Ill. 2d 533, 540-41.) That inquiry properly begins with the language of the statute. (*Yapejian*, 152 Ill. 2d at 541; *Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492.) Statutes are to be read as a whole; when attempting to discern the legislative intent underlying a statute, the court must consider all relevant parts of the statute. (*People v. NL Industries* (1992), 152 Ill. 2d 82, 98.) We agree with Employers Mutual that there is no language in the Act which directly and expressly empowers the Commission to interpret contracts for workers' compensation insurance coverage. However, section 18 of the Act states:

"All questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." (820 ILCS 305/18 (West 1992).)

Section 19 adds that "[a]ny disputed questions of law or fact" shall be determined as provided in the Act. (820 ILCS 305/19 (West 1992).) Thus, the Commission is expressly empowered to resolve disputed questions of law, if they arise under the statute. Upon consideration of the statute as a whole, we are persuaded that the issue presented by Employers Mutual arises under the Act, and the Commission, therefore, has the power to resolve it.

The Act provides remedies and protection for employees, thereby promoting the general welfare of the State. Hence, it was enacted in furtherance of sound public policy. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 181.) The overriding purpose of the Act is to protect injured employees, and their dependents, by providing a prompt, sure remedy for injuries and by insuring the availability of medical treatment, by shifting the financial burden of such treatment to the employer. (*Hinthorn v. Roland's of Bloomington, Inc.* (1988), 119 Ill. 2d 526, 534; *McGee v. Ractian Construction Co.* (1992), 231 Ill. App. 3d 929, 936.) The Act embodies a comprehensive scheme, including the creation of an administrative agency, to achieve these goals. As can be seen, the Act focuses first and foremost on the welfare of the employee and mandates a certain employer response when a worker is hurt on the job. However, as shown below, the reach of the statute goes beyond even the employer, to the insurance carrier, in order to protect the injured worker.

To effect its purpose the Act imposes liability for compensation to injured employees on employers covered by the Act. (820 ILCS 305/1 (West 1992).) Such employers may be self-insured. (820 ILCS 305/4(a)(1), (a)(2) (West 1992).) In order to make sure compensation is paid, however, the Act also allows employers to insure their liability (820 ILCS 305/4(a)(3) (West 1992)) and, if the employer does not pay, then the insurer becomes primarily liable to the employee (820 ILCS 305/4(g) (West 1992)). The insurance carrier may even be made a party to proceedings where the employer is a party, and an award may be entered jointly against the employer and the insurance carrier. (820 ILCS 305/4(g) (West 1992).) Furthermore, the carriers are subject to the same restrictions as are employers, *vis-a-vis* employees. For example, neither employers nor insurance companies can interfere with an employee's exercise of his or her rights under the Act, or discriminate against, or threaten employees with discharge, or refuse to rehire because of the exercise of such rights. (820

ILCS 305/4(h) (West 1992).) Through these and similar provisions, the Act directly affects workers' compensation insurance carriers.

The Act also spells out administrative procedures which, collectively, help to demonstrate the role of the Commission, which is charged with the administration of the Act (820 ILCS 305/13 (West 1992)), as it relates to the insurance carriers and workers' compensation insurance policies. As an example, an employer may utilize a combination of self-insurance and insurance from a carrier if, among other things, it satisfies the Commission that its entire liability for workers' compensation will be secured. With regard to this requirement, the statute indicates that policy provisions which purport to limit or change an insurance carrier's liability, other than in a manner provided by the statute itself, will be void. (820 ILCS 305/4(a)(3) (West 1992).) Hence, it appears the Commission, in the process of deciding whether an employer has adequately shown that its liability is secured, is empowered to declare offensive policy provisions void, thus bringing the liability of the insurer into conformity with the statute.

Other provisions similarly reflect an intention that the Commission should have certain interaction with the insurance carriers. Under section 4(b), the amount of insurance, among other forms of security, "shall be subject to the approval of the Commission." (820 ILCS 305/4(b) (West 1992).) The statute also regulates cancellation and termination of workers' compensation insurance policies and requires notice of such actions to the Commission. (820 ILCS 305/4(b) (West 1992).) The Commission has the power to direct that an insurer which is financially unsound, or unfair to employees, may no longer write workers' compensation insurance in Illinois. (820 ILCS 305/4(c) (West 1992).) The statute further authorizes the Commission to assess penalties against an insurer for the willful violation of Commission orders and to initiate suit to collect such penalties. 820 ILCS 305/4(d) (West 1992).

It is clear from the provisions discussed above that insurance is a fundamental and integral part of the system established by the Act to compensate injured employees. In fact, workers' compensation insurance goes to the very heart of that system in that it is a method of making sure the employee can get the medical treatment he needs in a prompt and efficient fashion. Thus it is that the Act allows for substantial interaction amongst the employee, the employer, and the insurance carrier and imposes significant regulation on both employers and the carriers.

In light of the purpose and comprehensive nature of the Act, the fundamental role of insurance in the system created by the Act, and

the powers expressly given by the Act to the Commission to regulate the providers of that insurance, we find it reasonable to conclude that questions concerning coverage provisions in a worker's compensation policy do, indeed, arise under the Act, and the Commission is authorized to resolve such questions. Employers Mutual does not point out any language in the Act which provides that the question raised by the parties should not be determined by the Commission.

Moreover, even if the statute did not authorize the Commission to determine coverage issues as questions arising thereunder, we would still reach the same conclusion. As we have shown, the Commission possesses pervasive and substantial express authority relative to all aspects of worker's compensation insurance. It can be fairly implied that, incident to its express authority, the Commission also has the power to determine whether the employee here is covered by Employers Mutual's worker's compensation policy. See *Abatron*, 162 Ill. App. 3d at 700.

The conclusion we reach is particularly compelling under the circumstances of this case. While we cannot tell for sure, the record at least suggests a possibility of interplay between a regulation generally applicable to workers' compensation insurance policies and the interpretation of the coverage provisions of this particular policy. Plaintiff's complaint alleges that there is no coverage under its policy because the accident occurred in Illinois and the policy applies only to accidents occurring at workplaces in Wisconsin. In our view, the provisions of the policy cited in the complaint, on their face, raise questions as to whether they might be an attempt to limit the insurer's liability, thereby rendering them void. (See 820 ILCS 305/4(a)(3) (West 1992).) This is a question for the Commission. It is a question whose disposition will affect the matter of coverage. These issues are so interrelated that they should be resolved together. This fact situation is just one example of the problems which could arise were we to hold that the Commission is not authorized to interpret a contract of insurance at the same time it is empowered to void certain provisions of such contracts.

It occurs to us, too, that allowing the Commission to interpret the contract is consistent with the Act's goal of providing employees with a prompt, sure remedy for injuries. Surely, in most cases, it will be faster, more efficient, and less troublesome for the employee if the Commission examines and resolves coverage disputes as part of the disposition of the employee's claim, rather than, as in this case, subjecting the employee to a separate, time-consuming court suit regarding the isolated matter of coverage. In this regard, while it is certainly not dispositive, we are reminded that Employers Mutual

did, in fact, file a motion to be added as a party respondent in the proceedings before the Commission. In that motion plaintiff also requested a determination of the coverage issue. We recognize that in its court action Employers Mutual challenged the jurisdiction of the Commission to resolve that issue. However, the filing of its motion would seem to indicate that, at some point in time, plaintiff considered the Commission to be the proper forum.

Finally, it is noteworthy that the Act provides for judicial review of Commission decisions. (See 820 ILCS 305/19(f) (West 1992).) Hence, if, at the conclusion of all of the administrative proceedings, a party concludes that the Commission erred, it may still seek the aid of the court.

Employers Mutual relies on *Meyer v. Buckman* (1955), 7 Ill. App. 2d 385, to support its position that the Commission lacks jurisdiction to interpret the insurance policy. It is true, as plaintiff points out, that in *Meyer* we commented that the object of the Act was not to regulate the contractual relations between an employer and a third party. In fact, we indicated that, absent an express provision in the Act indicating otherwise, such an objective was foreign to the essential purpose of the Act, which was to regulate the master-servant relationship. The problem with *Meyer* is that the third party there was in no way involved with workers' compensation insurance. The case involved a suit by a house mover against a client for breach of contract. The client attempted unsuccessfully to defend essentially on ground that the contract was illegal and void because the house mover did not have workers' compensation insurance as required by the Act. The client in *Meyer* is a third party entirely different from Employers Mutual, the third party in this case. As we have shown, the Act does expressly regulate to some extent the contractual relations between an employer and a workers' compensation carrier. Further, such regulation, far from being foreign to the basic purpose of the statute, is aimed directly at the goal of protecting the employee. *Meyer* does not bind us to the proposition that the Act does not authorize the Commission to construe workers' compensation insurance contracts.

Skilling relies on *Koontz v. Pepsico, Inc.* (1987), 153 Ill. App. 3d 152, a case we also discussed relative to the threshold jurisdiction issue. While *Koontz* did not help defendant on that question, it is at least somewhat supportive here. The *Koontz* court determined that the plaintiffs-employees were required to exhaust their administrative remedies with regard to the interpretation of a guaranty agreement. The court stated the basis for its conclusion as follows:

"A review of the *** Act *** indicates that the Industrial

Commission has the authority and jurisdiction to review and interpret the alleged guaranty agreement to determine who is legally bound to pay plaintiffs' workers' compensation claims. (See Ill. Rev. Stat. 1983, ch. 48, par. 138.4(g).)" (*Koontz*, 153 Ill. App. 3d at 154.)

Plaintiff correctly notes that the opinion does not reflect the court's analysis or reasoning as to why or how the Act empowered the Commission to review the guaranty agreement. Nonetheless, the *Koontz* court indicated it reviewed section 4(g), one of the same sections we rely on here, and found the necessary authority therein. Thus, to the extent it reaches the same conclusion we do here, on at least some of the same grounds, *Koontz* supports our resolution of this matter.

■ To summarize, initial jurisdiction to determine whether the Commission had the power to construe the contract of insurance was in the court rather than the Commission. Our interpretation of the enabling legislation which created the Commission reveals that the Commission, indeed, has such power. Consequently, the ultimate matter of construction of the insurance contract must be exhausted at the Commission level before relief may be sought in the circuit court. Although Employers Mutual has prevailed on the threshold jurisdiction question, the exhaustion of remedies doctrine applies to the secondary jurisdiction question, thereby constituting affirmative matter which negates plaintiff's cause of action completely. We conclude that the trial court did not err in granting defendant's section 2—619 motion to dismiss Employers Mutual's complaint. *Daiwa*, 229 Ill. App. 3d at 384.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

JUSTICE WOODWARD, specially concurring:

I believe it is important for future cases that this court make clear once and for all the question of the jurisdiction of the Industrial Commission in cases involving injured workers in Illinois or otherwise covered by this State's workers' compensation laws. The opinion in this case finds that, in this particular case, jurisdiction to construe the contract of insurance is in the Commission, thus requiring Employers Mutual to return to the Commission to determine its liability to the employee under the Act. The impression left by the wording of the opinion in this case is that the jurisdiction of the Commission over matters involving injured workers is not exclusive.

While I agree with the result reached in this case, I disagree with that portion of the opinion of Justice Bowman that initial jurisdiction to construe the contract of insurance was in the court but that the exhaustion of remedies doctrine applies to the secondary jurisdiction question. I further disagree with Justice McLaren's conclusion that concurrent jurisdiction exists between the circuit court and the Commission.

Section 5(a) of the Act (820 ILCS 305/5(a) (West 1992)), provides in pertinent part as follows:

"No common law or statutory right to recover damages from the employer, his insurer, *** or the agents or employees *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

Also, section 11 of the Act (820 ILCS 305/11 (West 1992)), states in relevant part as follows:

"The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer *** for accidental injuries sustained by any employee arising out of and in the course of the employment ***."

The clear language of the above statutes is the best indicator of the legislature's intent. (*People v. NL Industries* (1992), 152 Ill. 2d 82.) The title of the Workers' Compensation Act provided that it is "An Act to promote the general welfare of people of this State by providing compensation for accidental injury or death suffered in the course of employment ***." (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.* (now 820 ILCS 305/1 *et seq.* (West 1992)).) In addition, section 18 of the Act states in pertinent part:

"All questions arising under this Act, if not settled by agreement of the parties interested therein, shall, *except as otherwise provided*, be determined by the Commission." (Emphasis added.) 820 ILCS 305/18 (West 1992).

The last-quoted provision of the statute contains the words "except as otherwise provided." In view of this language, to eliminate the exclusive jurisdiction of the Commission, a specific provision or action of the legislature is required. For example, in *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, the supreme court held that to escape the bar of sections 5 and 11 of the Act, plaintiff must demonstrate that the injury (1) was not accidental, (2) did not arise from his or her employment, (3) was not received during the course of employment, or (4) was not compensable under the Act.

The decision in this case as to the exclusive jurisdiction of the Commission will fulfill the purpose of the Workers' Compensation Act by providing a prompt, sure remedy for the injured employee. It was designed to provide a speedy recovery without the proof of fault for accidental injury and will not force the employee and his counsel to defend litigation outside of the Commission and the procedure followed to appeal the Commission's orders. The Act has been interpreted as providing an exclusive remedy for the resolution of all issues arising out of employment-related issues. *Robertson v. Travelers Insurance Co.* (1983), 95 Ill. 2d 441, 447.

JUSTICE McLAREN, specially concurring:

I believe the best disposition is a determination that concurrent jurisdiction exists between the circuit court and the Commission. See *People v. NL Industries* (1992), 152 Ill. 2d 82, 94-101.

However, based upon the limited facts in this case, I concur in the majority opinion. In this case, all the parties involved in the controversy are in fact before the Commission. Exclusive jurisdiction in the Commission may result in further and prolonged litigation before the Commission or the failure of the employee's claim against an insurer for the failure to exhaust administrative remedies if and when the employee attempts to satisfy a judgment against an insurer who has not been made a party to the administrative proceedings.

I submit the legislature should consider the practical problems extant and should consider how to achieve the most plain, speedy, and efficient remedy to determine whether there is coverage under an insurance contract which would inure to the benefit of an employee injured and covered under the scope of the Workers' Compensation Act.